IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LONGWOOD CLUB MANAGEMENT, LLC, | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-1694 |
| | § | |
| DEPOSITORS INSURANCE COMPANY, | § | |
| ALLIED PROPERTY AND CASUALTY | § | |
| INSURANCE COMPANY, NATIONWIDE | § | |
| INSURANCE SALES COMPANY, LLC, | § | |
|    *Defendants.* | § | |

## NOTICE OF REMOVAL

Defendant Depositors Insurance Company ("Depositors"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Longwood Club Management, LLC. v. Depositors Insurance Company, Allied Property and Casualty Insurance Company, Nationwide Insurance Sales Company, LLC*; Cause No. 2017-23347, in the 334th Judicial District of Harris County, Texas.[1]

## I.
## BACKGROUND

1. Plaintiff Longwood Club Management, LLC ("Longwood" or "Plaintiff") initiated the present action by filing its Original Petition in Cause No. 2017-23347, in the 334th Judicial District of Harris County, Texas, on April 5, 2017 (the "State Court Action").[2]

2. Defendants Depositors Insurance Company, Allied Property and Casualty Insurance Company, and Nationwide Insurance Sales Company, LLC appeared and answered on

---

[1] Defendants Allied Property and Casualty Insurance Company and Nationwide Insurance Sales Company, LLC consent to removal of this action.

[2] *See* Plaintiff's Original Petition with citation, attached as **Exhibit A**.

May 25, 2017, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.[3]

3. Pursuant to 28 USC § 1446(a), a copy of all process, pleadings, and orders served upon Defendants in the State Court Action is incorporated in **Exhibit A**. Pursuant to Local Rule 81, a full copy of the state court file has been requested and will be filed upon receipt.

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Depositors will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 334th Judicial District of Harris County, Texas.

5. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendants of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of Parties**

7. Plaintiff Longwood Club Management, LLC is not registered as an entity doing business in Texas and cannot be located through the Texas Secretary of State. Longwood Golf Club, the name of the business at issue in this lawsuit, is registered as an assumed name for

---

[3]     *See* Defendants' Original Answer, attached as **Exhibit B**.

Longwood Interests, Ltd., a Texas limited partnership.[4] Thus, it appears Longwood Club Management, LLC is a misnomer. According to records filed with the Texas Secretary of State, the general partner of Longwood Interests, Ltd. is Longwood Management, LLC.[5] Based on information and belief, the manager of Longwood Management, LLC is Billy Sitton, who is a citizen of Texas.[6] Based on information and belief, none of Plaintiff's managers or members are citizens of the States of Iowa or Ohio.

8. Pursuant to 28 U.S.C. § 1332(c), therefore, Plaintiff is a citizen of the State of Texas for purposes of diversity analysis.

9. Depositors Insurance Company is organized under the laws of Iowa and maintains its principal place of business in Iowa. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Depositors Insurance Company is a citizen of the State of Iowa for purposes of diversity analysis.

10. Allied Property and Casualty Insurance Company is organized under the laws of Iowa and maintains its principal place of business in Iowa. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Allied Property and Casualty Insurance Company is a citizen of the State of Iowa for purposes of diversity analysis.

11. Nationwide Insurance Sales Company, LLC, an Ohio limited liability company, was dissolved on December 31, 2005.[7] Upon information and belief, none of its managers or members were citizens of Texas. Accordingly, Nationwide Insurance Sales Company, LLC is not a citizen of the State of Texas for purposes of diversity analysis.

---

[4] *See* Records related to Longwood Interests, Ltd. obtained from the Texas Secretary of State, attached as **Exhibit C**.

[5] *Id.*

[6] *See* Records related to Longwood Management, LLC obtained from the Texas Secretary of State, attached as **Exhibit D.**

[7] *See* Certificate of Dissolution of Limited Liability Company, attached as **Exhibit E**.

12. Furthermore, because the insurance policy under which Plaintiff seeks to recover by way of this lawsuit was issued by Depositors Insurance Company, Plaintiff has improperly joined Allied Property and Casualty Insurance Company and Nationwide Insurance Sales Company, LLC, such that the citizenship of these defendants should be disregarded and the claims against these defendants should be dismissed.[8]

13. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.    Amount in Controversy**

14. Plaintiff's Original Petition states that Plaintiff seeks "monetary relief over $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees."[9] The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition. Moreover, in its pre-suit demand letter, Plaintiff demanded $1,712,711.87 in actual damages and $3,275 in attorney's fees, for a total demand of $1,715,986.87.[10]

15. In its petition, Plaintiff further seeks compensation for (1) actual damages, (2) additional damages, (3) exemplary damages, (4) attorney's fees, and (5) statutory penalties and

---

[8] *See* Certified Copy of Policy No. ACP CPPD 3007166077, with effective dates of May 12, 2015 to May 12, 2016, issued by Depositors Insurance Company to Longwood Club Management LLC, attached as **Exhibit F.**

[9] *See* **Exhibit A** at ¶ 6.

[10] *See* Plaintiff's pre-suit demand letter dated April 5, 2017, attached as **Exhibit G**; *see also Molina v. Wal-Mart Stores Tex., L.P.*, 535 F. Supp. 2d 805, 807-08 (W.D. Tex. 2008) (Martinez, J.) (considering pre-suit demand to establish amount in controversy); *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000) (holding that attorneys' fees are included as part of the amount in controversy); *accord St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 2998) (concluding that "in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages").

interest.[11] Plaintiff has alleged that Defendants' conduct was wrongful and done knowingly, entitling it to a trebling of actual damages under Texas Insurance Code Chapter 541 and the Texas Deceptive Trade Practices Act.[12] Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[13]

16. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs.[14] Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

17. Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

18. WHEREFORE, Defendants Depositors Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District Bar No. 38513
pkemp@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

---

[11] *See* **Exhibit A** at ¶¶ 28-31.

[12] *See id.* at ¶ 59; Tex. Ins. Code § 541.152 and Tex. Bus. & Comm. Code §17.50(b)(1).

[13] *See H&D Tire & Automotive-Hardware, Inc.*, 227 F.3d at 330; *see also St. Paul Reinsurance Co.,* 134 F.3d at 1253.

[14] *See* **Exhibit A.**

**ATTORNEY-IN-CHARGE FOR DEFENDANTS DEPOSITORS INSURANCE COMPANY, ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, and NATIONWIDE INSURANCE SALES COMPANY, LLC**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District Bar No. 1117137
rwall@smsm.com
Lauren L. Burgess
Texas Bar No. 24082751
Southern District No. 2110127
lburgess@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been served via certified mail, return receipt requested this the 6th day of June, 2017 to:

    Nathan A. Steadman                                       ***9414 7266 9904 2061 9261 19***
    Christopher Stanley
    Meyer, Knight & Williams, LLP
    8100 Washington Ave, Suite 1000
    Houston, TX 77007
    (713) 868-2222
    (713) 868-2262 – Facsimile
    nas@mkwlaw.com
    chris@mkwlaw.com

                                                  */s/ Patrick M. Kemp*
                                                  Patrick M. Kemp