

# Notice of Service of Process

**TRL / ALL**
**Transmittal Number: 16639620**
**Date Processed: 05/15/2017**

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Joshua Schonauer<br>Kevin Jones<br>Cassandra Struble |
| **Entity:** | Depositors Insurance Company<br>Entity ID Number  0149484 |
| **Entity Served:** | Depositors Insurance Company |
| **Title of Action:** | Longwood Club Management, LLC vs. Depositors Insurance Company, Allied Property and Casualty Insurance Company, Nationwide Insurance Sales Company, LLC |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, Texas |
| **Case/Reference No:** | 2017-23347 |
| **Jurisdiction Served:** | Iowa |
| **Date Served on CSC:** | 05/15/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Meyer, Knight & Williams, L.L.P.<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com



Secretary of State
Service of Process
P.O. Box 12079
Austin, Texas 78711-2079



7190 1046 4701 0075 4279

**Return Receipt (Electronic)**

2017279054-1

DEPOSITORS INSURANCE COMPANY
505 5TH ST STE 729
DES MOINES, IA 50309

-------------------------------------------------- CUT / FOLD HERE --------------------------------------------------

# The State of Texas



Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

## Secretary of State

May 10, 2017

DEPOSITORS INSURANCE COMPANY
505 5TH ST STE 729
DES MOINES, IA 50309

**2017-279054-1**
Include reference number in all correspondence

RE: LONGWOOD CLUB MANAGEMENT L L C VS. DEPOSITORS INSURANCE COMPANY
334th Judicial District Court Of Harris County, Texas
Cause No: 201723347

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of process received by the Secretary of State of the State of Texas on May 8, 2017.

CERTIFIED MAIL #71901046470100754279

Refer correspondence to:

Nathan A. Steadman
Meyer, Knight & Wiiliams, L.L.P.
8100 Washington Avenue, Suite 1000
Houston, TX 77007

Sincerely,

Venita Okpegbue
Team Leader, Service of Process
GF/mo
Enclosure

CAUSE NO. 201723347

RECEIPT NO. 0.00 CIV
\*\*\*\*\*\*\*\*\*\* TR # 73361343

| | |
|---|---|
| PLAINTIFF: LONGWOOD CLUB MANAGEMENT L L C<br>vs.<br>DEFENDANT: DEPOSITORS INSURANCE COMPANY | In The 334th<br>Judicial District Court<br>of Harris County, Texas<br>334TH DISTRICT COURT<br>Houston, TX |

CITATION (SECRETARY OF STATE NON-RESIDENT)

THE STATE OF TEXAS
County of Harris

RECEIVED
SECRETARY OF STATE
MAY - 8 2017
Service of Process

TO: DEPOSITORS INSURANCE COMPANY BY SERVING THE TEXAS SECRETARY OF THE
   STATE AT PO BOX 12079 AUSTIN TEXAS 78711-2079
   FORWARD TO: DEFENDANTS REGISTERED AGENT CORPORATION SERVICE COMPANY
   505 5TH ST STE 729   DES MOINES   IA   50309

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 5th day of April, 2017, in the above cited cause number and court. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

   This citation was issued on 10th day of April, 2017, under my hand and seal of said Court.

Issued at request of:
STEADMAN, NATHAN A.
8100 WASHINGTON AVE., SUITE 1000
HOUSTON, TX 77007
Tel: (713) 868-2222
Bar No.: 19089450

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: OVALLE, MONICA  K7U//10653223

STATE OF _____
County of _____

OFFICER/AUTHORIZED PERSON RETURN

PERSONALLY APPEARED before me, the undersigned authority, _____
who being by me duly sworn, deposes and says that in the County of _____
State of _____ he delivered to the within named defendants in person at the following times and places to wit:

| NAME | DATE | | | TIME | | PLACE |
|---|---|---|---|---|---|---|
| | MONTH | DAY | YEAR | HOUR | MIN | |
| | | | | | | |
| | | | | | | |

**279054**

a true copy of this notice, with a copy of:

accompanying same; and further, that he is an adult and is in no manner interested in this suit and is the person competent to make oath of the fact.

_____
Affiant/Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
Notary Public

N.INT.SECN.P                    *73361343*

2017-23347 / Court: 334

4/5/2017 3:59:45 PM
Chris Daniel - District Clerk Harris County
Envelope No. 16293203
By: Jelilat Adesiyan
Filed: 4/5/2017 3:59:45 PM

NO. _____

| | | |
|---|---|---|
| LONGWOOD CLUB MANAGEMENT LLC. | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | HARRIS COUNTY, TEXAS |
| DEPOSITORS INSURANCE COMPANY, ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, NATIONWIDE INSURANCE SALES COMPANY, LLC | § § § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Longwood Club Management, LLC. ("Longwood" or "Plaintiff") files this, Plaintiff's Original Petition asserting claims against Defendants, Depositors Insurance Company, Allied Property and Casualty Insurance Company, and Nationwide Insurance Sales Company (collectively "Defendants"), and would respectfully show the Court as follows:

### I.
### PARTIES

1. Plaintiff, Longwood Club Management, LLC is a Texas Limited Liability Corporation with its principle place of business located in Harris County Texas.

2. Defendant, Depositors Insurance Company ("Depositors") is a foreign for profit entity incorporated in the State of Iowa, who does business throughout the United States including Harris County, TX. Defendant can be served with process though the Texas Secretary of State to Defendant's registered agent, Corporation Service Company, at 505 5th St., Ste. 729, Des Moines, IA. 50309.

3. Defendant, Allied Property and Casualty Insurance Company ("Allied") is a foreign for profit entity incorporated under the laws of the state of Iowa, who does business throughout the

United States including Harris County, TX. Defendant can be served with process through the Texas Secretary of State to Defendant's registered agent, Corporation Service Company, at 505 5th St., Ste. 729, Des Moines, IA. 50309.

4. Defendant, Nationwide Insurance Sales Company, LLC is a foreign for profit entity incorporated under the laws of the State of Ohio, who does business throughout the United States including Harris County, TX. Defendant can be served with process though the its Texas registered agent, Corporation Service Company d/b/a C-S-C-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701.

## II.
## JURISDICTION AND VENUE

5. Pursuant to Tex. Civ. Prac. & Rem. Code § 15.002(1), jurisdiction is proper in Harris County, Texas because all or substantially all of the events giving rise to Plaintiff's claims occurred in Harris County, Texas. Venue is proper in Harris County, Texas pursuant to Tex. Civ. Prac. & Rem. Code § 17.042.

## III.
## DISCOVERY AND RULE 47 STATEMENT

6. Discovery should be conducted under Level 2 of the Texas Rules of Civil Procedure 190.3. Defendants/Counter-Plaintiffs seek damages within the jurisdictional limits of the Court for monetary relief over $1,000,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

2

## IV.
## FACTUAL BACKGROUND

7.  Plaintiff is the owner of a 27-hole golf course facility located in Cypress, Texas named Longwood Golf Club (the "Club"). The Club also contains four buildings on the property which are used for the assistance and support of club operation and include a club house, pavilion, golf cart storage building, and a golf cart maintenance building. The golf course includes approximately 80 to 90 sand trap bunkers that hold approximately six inches of sand and contain a 4 inch perforated drainage pipe. The Club was constructed in 1995 and was purchased by Plaintiffs in May of 2014. After Plaintiff purchased the Club, it was operated as a successful business with average monthly net profits of approximately $66,000.00.

8.  On or about May 12, 2015, Plaintiff entered into a contract ("Policy" or "Contract") with Defendants in order to obtain insurance coverage for covered damages that may occur to the Club. *See* Insurance Policy in effect from May 12, 2015 thru May 12, 2016 attached hereto as **Exhibit A**; Insurance Policy in effect from May 12, 2016 thru May 12, 2017 attached hereto as **Exhibit B**. The Policy provided that Plaintiff would be insured from all covered losses by Defendant as long as that Plaintiff timely paid all premiums. Plaintiff paid plan premiums timely and the Policy was active during the time periods at issue in this suit.

9.  Defendants inspected the buildings located in the Club prior to entering into the contract. Although the facility was constructed in 1995, Defendants did not require Plaintiffs to replace the roofs of the buildings as a condition of obtaining insurance coverage. Defendants also failed to exclude damage caused to the roof caused by the age of the roof.

10.  In March thru May of 2016, the Houston area experienced several storms that caused

3

as much as 19 inches of rain and hail to fall during a single storm. As a result of these storms, several buildings and various portions of the course suffered significant damage. Hail caused damage to numerous portions of the buildings including the roof of the club house, maintenance barn, and pavilion. High winds and excessive rain also caused damage to the roofs of each building including the tearing/separating of roof shingles and lifting of shingles that allowed for water intrusion into the club house, pro-shop and restaurant causing significant interior water damage. Hail also caused damage to the sand trap bunkers and roof. When hail impacted the faces of each bunker, each strike allowed an increasing amount soil to move into the bunkers and clog the drains. These clogs in connection with the large amount of rain that accompanied the storms, caused further damage to the bunkers and other areas of the golf course.

11. As a result of the damage to Plaintiff's facilities, 9 holes of the golf course had to be closed for repairs which cost Plaintiff nearly 1.1 million dollars in lost revenue. Plaintiff filed a claim with Defendants in April 2016 and requested reimbursement for the damages it incurred as a result of the hail, high winds, and excessive rain from the storms in March and April 2016. In a letter dated May 2, 2016, Defendants denied Plaintiff's claim and argued that the damage to the buildings were not covered losses under the Policy. Plaintiff then amended its claim to include damages caused to the bunkers from hail which occurred in May 2016. After the property was reinspected, Defendants again denied coverage for any damages suffered by Plaintiff. In their letter dated October 24, 2016, Defendants again denied Plaintiff's claim stating that damage caused to the buildings and bunkers were not the result of hail, high winds, and excessive rain but due to flooding, poor maintenance, and deterioration of aging building materials. *See* Denial of coverage dated October 24, 2016 attached hereto as **Exhibit C**.

4

12. The damages caused to the buildings and the golf course are covered losses under the Policy with Defendants. The damage to Plaintiff's property occurred only after the severe storms in March, April and May of 2016. Prior to the storms, there were no instances of water damage in the buildings nor damage to the bunkers on the golf course. No reasonable grounds exists for the denial of Plaintiff's claims.

## V.
## CAUSES OF ACTION

**A. Breach of Contract**

13. The foregoing paragraphs are incorporated herein for all purposes as if fully set forth herein.

14. Plaintiff entered into a contract with Defendant for the purchase of an Insurance Policy on or about May 12, 2015. The Policy provides that all covered losses suffered by Plaintiff would be reimbursed by Defendants. Specifically the Policy provides that Defendants will pay for the damage caused to the interior of a building or structure caused by rain if the building or structure first sustains covered damages to the roof through which the rain enters said building. *See* Exhibit A.

15. Plaintiff suffered injury to its facilities after several severe storm events that occurred in the Houston area in March thru May of 2016. The storms that occurred over the three month period, brought severe winds, hail and rain to the Houston area, including to Cypress, Texas. Plaintiff suffered damage to Club facilities and numerous bunkers on the course due to the severe winds, hail and rain. All of the damages suffered by Plaintiff's were caused by the severe storms that occurred in April thru May of 2016.

16. The contract clearly provides that the Defendant will reimburse Plaintiff for any covered loss during the policy period. The damages caused to the Club facilities are covered under the terms of the Contract. Plaintiff filed a claim on its Policy for damages that occurred as a result of the storm. Defendants unjustifiably denied Plaintiff's claim and refused to reimburse Plaintiff for its covered losses. Defendants' actions clearly violate their contract with Plaintiff. Plaintiff has continued to suffer damages as a result of Defendants' breach of the contract. As a result of Defendants breach of the Contract, Plaintiff incurred and continues to incur significant damages.

**B.    Fraud**

17. The foregoing paragraphs are incorporated herein for all purposes as if fully set forth herein.

18. Defendants' conduct rises to the level of Fraud. The contract clearly provides that it will reimburse for all losses suffered by Plaintiff during the policy period absent a specific exclusion. Defendants denied the claim based on the erroneous assertion that the damage was caused by the age of the roof and thus is not covered under the contract. The contract contains no exclusion related to the age of the roof, nor did it require Plaintiff to replace said roof before damages would be covered. Plaintiff relied on the representations of coverage listed in the contract to its detriment. Defendants conduct was a producing and proximate cause of damages incurred by Plaintiff in excess of the minimum jurisdictional limits of this Court.

**C.    Violations of the Texas Deceptive Trade Practices Act**

19. The foregoing paragraphs are incorporated herein for all purposes as if fully set forth herein.

20. The conduct of Defendants as set out herein, violates the Texas Deceptive Trade

Practices-Consumer Protection Act ("DTPA"), Section 17.41, et. seq. of the Texas Business and Commerce Code.

21. At all material times herein, Plaintiff was a "consumer" as defined by Section 17.45(4) of the DTPA. As a consumer, the Plaintiff sought and/or acquired, by purchase, "services," as that term is defined in DTPA Section 17.45(2), from Defendants.

22. Defendants, individually and through its agents, made various statements and representations regarding the benefits that existed under the Policy. Specifically, Defendants' policy language misrepresents Defendants' services and coverage. In addition, Defendants represented their services and coverage to Plaintiff with the intent not to provide said services to Plaintiff as represented. Defendants failed to disclose that they would not cover losses to the roof as the result of its age. Accordingly, Defendants have made representations in violation of §17.46 (b) (5), (9), (12), and (24) of the Texas Business and Commerce Code.

23. Defendants' conduct was a producing and proximate cause of economic damages incurred by Plaintiff. Further, the above mentioned conduct by Defendants was relied upon by Plaintiff to Plaintiff's detriment causing damages in excess of the minimum jurisdictional limits of this Court.

**D. Violation of Article 541.060 of the Texas Insurance Code**

24. The foregoing paragraphs are incorporated herein for all purposes as if fully set forth herein.

25. Based upon the foregoing facts, Defendants acted in bad faith to deprive Plaintiff of proper insurance coverage. Under Article 541.060 (a)(1) of the Texas Insurance Code, misrepresenting to a claimant a material fact or policy provision relating to coverage at issue

7

constitutes an unfair method of competition and unfair and deceptive act or practice in the business of insurance. As a consequence of Defendants' actions made in bad faith (claiming that the policy did not cover damages caused by the failure of the roof) Plaintiffs have, and continue to suffer significant damages.

26. Defendants also violated Article 541.060 (a)(2) of the Texas Insurance Code, by not attempting to "effectuate a prompt, fair and equitable settlement" for a claim after the insurers liability has become reasonably clear. The damages to Plaintiff's facilities were caused solely by the excessive wind, hail and rain that occurred during the storms in March - May of 2016. These damages are covered losses under the Policy. Defendants failure to "effectuate a prompt, fair and equitable settlement" for damages that are clearly covered under the Policy constitutes an unfair and deceptive act or practice in the business of insurance.

27. Defendants' conduct was a producing and proximate cause of actual economic damages incurred by Plaintiff. Plaintiff's damages as a result of Defendants' conduct are an amount in excess of the minimum jurisdictional limits of this Court.

## VI.
## DAMAGES

28. Defendants have suffered actual damages of at least $1,712,711.87 ($625,985.87 in damages to the Club facilities and the course, $1,086,726.00 in lost profits, and unnecessary insurance premiums). Plaintiff is also entitled to the recovery of attorney fees, statutory penalties and interest, as authorized under Article 541.152 (a) of the Texas Insurance Code and Tex. Civ. Prac. & Rem. Code § 38.001.

29. Additional damages include tort damages for fraud, misrepresentation, and Insurance Code violations.

30. The unlawful actions of Plaintiff were committed knowingly and or intentionally. Therefore, Defendants are liable for exemplary damages. Plaintiff requests an amount of exemplary damages that will serve to punish Defendants for their conduct and to make an example of Defendants so that they and others like them will be deterred from committing similar acts and omissions in the future.

31. Further, Defendants had actual awareness of the falsity, deception, or unfairness of the acts or practices giving rise to Plaintiff's claim. Defendants acted with the intent that Plaintiff act in detrimental reliance on the false, deceptive or unfair acts of Defendants. Because Defendants acted intentionally and knowingly, Plaintiff is entitled to recover other damages under Section 17.50(b)(1) of the DTPA. Plaintiff seeks monetary damages from Defendants in an amount in excess of the jurisdictional limits of this Court for violations of the DTPA.

WHEREFORE, based on the facts, allegations and damages asserted herein, Plaintiff Longwood Club Management, LLC., requests that Defendants, Depositors Insurance Company, Allied Property and Casualty Insurance Company, and Nationwide Insurance Sales Company, LLC, be cited and appear herein and that after a trial on the merits, Plaintiff have of and from Defendants the damages plead herein and that it have such other relieve both general and specific, equitable and legal, that it may show itself justly entitled.

Respectfully submitted,

**MEYER, KNIGHT & WILLIAMS, L.L.P.**

/s/ Nathan A. Steadman
Nathan A. Steadman
State Bar No. 19089450
nas@mkwlaw.com
Christopher Stanley
State Bar No. 24091894
chris@mkwlaw.com
8100 Washington Avenue, Suite 1000
Houston, Texas 77007
Phone: (713) 868-2222
Fax: (713) 868-2262

10



STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk of Harris County, Texas, certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this

_____
CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____ Deputy

**CERTIFIED MAIL**

Secretary of State
Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

OFFICIAL BUSINESS
STATE OF TEXAS
PRIVATE USE

neopost
05/10/2017
US POSTAGE $005.68

FIRST-CLASS MAIL

ZIP 78701
041L11253153



7190 1046 4701 0075 4279

**Return Receipt (Electronic)**

2017279054-1

DEPOSITORS INSURANCE COMPANY
505 5TH ST STE 729
DES MOINES, IA 50309