United States District Court
Southern District of Texas
**ENTERED**
August 01, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LONGWOOD CLUB MANAGAMENT, LLC, et al., | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. H-17-1694 |
| V. | § § § | |
| DEPOSITORS INSURANCE COMPANY, et al., | § § § § § | |
| Defendants. | § § | |

## MEMORANDUM AND RECOMMENDATION

Pending and referred by the District Judge is Defendant Depositors Insurance Company, et al. Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (*See* Document 18). Having considered these motions, the responses in opposition (*see* Documents 20 and 23), the additional briefing (*see* Document 22), the claims and allegations in Plaintiff's First Amended Complaint (*see* Document 16), and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Motion to Dismiss (*see* Document 18) be GRANTED.

### I. Background

Longwood Interests, Ltd. ("LTD") is operated by its general partner, Longwood Management LLC ("GP"). LTD and GP (collectively "Plaintiffs") own Longwood Golf Club ("the Club"), a 27-hole golf course facility located in Cypress, Texas. Plaintiffs allege that

1

Defendant Depositors Insurance Company ("Depositors") failed to pay amounts that were due under an insurance contract to compensate Plaintiffs for property damage to the Club.

GP entered into consecutive insurance contracts with Depositors to obtain coverage for property damage to the Club. *See* Document 20-1. The first policy was effective from May 12, 2015 until May 12, 2016. *See* Document 20-1. The policy was then renewed and was in effect from May 12, 2016 until May 12, 2017. *See* Document 20-1. The document stated that the "policy portfolio, the contract between the parties contains two policies: a commercial general liability policy, which covers tort liability for physical damages to others, and a commercial property policy, which covers property damage to the Club." *See* Document 20-1

Beginning in March 2016, and continuing through May 2016, several storms in the Houston area caused significant damage to several buildings and numerous portions of the golf course located at the Club. *See* Document 16 at 3-4. As a result, nine holes of the golf course were closed for repairs. *Id.* at 4. GP filed a claim with Depositors in April 2016 requesting reimbursement for damages caused by the storm. *Id.* However, in a letter dated May 2, 2016, Depositors denied GP's claim, stating that the damage was not covered under the insurance policy. *Id.*

GP filed a complaint against Depositors in state court on April 5, 2017, alleging a breach of contract and related extra-contractual causes of action. *See* Document 1-1. Depositors then removed this action to federal court based on diversity of citizenship on June 6, 2017. *See* Document 1. On June 29, 2017, GP filed a motion to amend its complaint, seeking to join LTD as a plaintiff. *See* Document 5. Depositors filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on December 1, 2017. *See* Document 18. Depositors alleges that LTD lacks standing because it was neither a party to the insurance contract, nor a third-party

2

beneficiary. *See* Document 22. LTD asserts that it was a party to the insurance contract and, in the alternative, that it was an intended third-party beneficiary. *See* Document 16; Document 20; Document 23.

## II. Rule 12 (b) (1) Standard of Review

"Every party that comes before a federal court must establish that it has standing to pursue its claims." *Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 473 (5th Cir. 2013). The doctrine of standing is based on whether the litigant is entitled to have the court decide the merits of a particular dispute or issue. *Id.* Standing has constitutional and prudential elements. *Id.* Constitutional standing requires a plaintiff to establish that he has suffered an injury in fact traceable to the defendant's actions that will be redressed by a favorable ruling. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Prudential standing requirements exist in addition to "the immutable requirements of Article III'… as an integral part of 'judicial self-government." *ACORN v. Fowler*, 178 F.3d 350, 362 (5th Cir. 1999). The goal of the prudential standing inquiry is to determine whether the plaintiff is a "proper party to invoke a judicial resolution of the dispute and the exercise of the court's remedial power." *Id.* (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 n.8 (1986)).

## III. Discussion

### A. LTD is Not a Party to the Insurance Contract

Texas law states that "when interpreting an insurance policy with multiple coverages, each of the coverages, along with its definition… must be read as separate and distinct." *Mokhtar v. Penn-America Ins. Co.*, No. 3:16-CV-01168-O, 2016 WL 9527963, at 3 (N.D. Tex. June 22,

3

2016) (quoting *Travelers Lloyds Ins. Co. v. Dyna Ten Corp.*, No. 2-08-502-CV, 2009 WL 2619232 at 4 (Tex. App.—Fort Worth Aug. 26, 2009, no pet.)). Separate coverages are interpreted as distinct, contemporaneous contracts *Id.* For example, in *Mokhtar*, the court found that provisions contained in two separate policies, though sold as one policy, were non-transferable. *Id.* As such, the court held that the plaintiff seeking third-party beneficiary status was not a named insured on the relevant policy, even though he was insured on the other policy included in the package. *Id.*

Section II of the commercial general liability policy between GP and Depositors states that when a limited liability company is named as an insured, its members and managers are also insureds. *See* Document 20-1 at 29. LTD argues that failure to redefine who is an Insured in the second policy reveals an intention on behalf of the contracting parties to include LTD as an insured under the commercial property policy. LTD asserts that, in harmonizing provisions of a contract, "terms stated earlier in an agreement must be favored over subsequent terms." *See* Document 23 at 2 (citing *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983)). The *Coker* precedent cited by LTD is irrelevant to the question at hand. The present case deals with two separate and distinct insurance policies, while *Coker* involved a single property settlement agreement in the context of a divorce. Texas precedent clearly indicates that the commercial general liability and commercial property policy be viewed as two separate policies. Additionally, there is no conflict between "earlier" and "subsequent" terms, as the commercial property policy makes no effort to define insureds. Rather, it employs language such as "you" and "your" to refer to the only Named Insured shown in the declarations, GP. *See* Document 22 at 4. Thus, the precedent offered by LTD is irrelevant to this issue, and each policy of the policy portfolio should be read as separate and distinct.

4

As argued by Depositors, LTD's allegations do not implicate coverage under the commercial general liability policy, which covers tort liability for physical damages to others. *See* 9A Couch on Ins. § 129:17. Plaintiff's allegations in the petition arise out of a claim for damage to property owned by Plaintiffs, which is specifically excluded under the commercial general liability policy. *See* Document 20-1 at 22-24. Instead, Plaintiff's cause of action arises under the commercial property policy, which names "Longwood Club Management LLC" (i.e., GP) as Named Insured. *See* Document 20-1 at 98. That policy provides as follows: "Throughout this policy, the words 'you' and 'your' refer to the Named Insureds shown in the Declarations." *See* Doc. 1-6. LTD does not appear anywhere in the policy and is not a Named Insured. Nor are any of its partners defined as insureds. Accordingly, LTD is not a party to the contract of insurance at issue in this suit.

Further, Section II WHO IS AN INSURED was amended and states as follows: "The following are added as insureds: Persons(s) or organization(s) with whom you have agreed in a *valid written contract or written agreement* that such person or organization be added as an additional insured on your policy." *See* Record 20-1 at 63 (emphasis added). Under Texas law, in construing an insurance policy, the court must first examine the language of the contract itself. *Alea London Ltd. v. Bickford*, 627 F. Supp. 2d 763 (S.D. Tex. 2009). If the insurance policy language is susceptible to more than one reasonable interpretation then it is deemed ambiguous, and the court must resolve the uncertainty by adopting the construction that most favors the insured; however, policy language that can be given only one reasonable construction is not ambiguous. *Id*. The contract at hand is not ambiguous in providing the requirements needed to be listed as an additional insured on the policy. LTD has produced no written agreement between the parties to indicate that it was their mutual intention to list LTD as an additional insured under

the insurance contract. Therefore, LTD is neither insured under, or a party to, the insurance contract.

### B. LTD is Not Third-Party Beneficiary of the Insurance Contract

In determining whether a third-party can enforce a contract, the intention of the contracting parties is controlling. *See Corpus Christi Bank & Trust v. Smith,* 525 S.W.2d 501, 503–04 (Tex.1975). A court will not create a third-party beneficiary contract by implication. *See M.J.R. Corp.,* 760 S.W.2d at 12. The intention to contract or confer a direct benefit to a third-party must be clearly and fully spelled out or enforcement by the third-party must be denied. *Id.* Under Texas law, a presumption exists that parties contracted for themselves unless it "clearly appears" that they intended a third-party to benefit from the contract. *See Corpus Christi,* 525 S.W.2d at 503–4; *Knox,* 191 S.W.2d at 21; *see also M.J.R. Corp.,* 760 S.W.2d at 12. A third-party seeking to enforce the contract carries the burden of proving that the contract as made for his benefit. *Merrimack Mut. Fire Ins. Co. v. Allied Fairbanks Bank,* 678 S.W.2d 574, 577 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

An intent to secure just some benefit to a third-party will not suffice; the parties must enter into the contract *directly and primarily* for the benefit of the party claiming third-party beneficiary status. *Republic Nat'l Bank of Dallas v. Nat'l Bankers Life Ins. Co.,* 427 S.W.2s 76, 79–80 (Tex. Civ. App.—Dallas 1968, writ ref'd n.r.e.) (emphasis added). Therefore, to qualify as an intended beneficiary, a third-party must benefit more than incidentally; he must be either a donee or creditor beneficiary. *S. Tex. Water Auth. v. Lomas,* 223 S.W.3d at 304, 306 (Tex. 2007). A donee beneficiary arises when a third-party reaps benefits as a result of performance under the contract "as a pure donation or gift." *MCI Telecomm Corp.,* 995 S.W.2d at 651. A creditor

beneficiary is created when performance will satisfy a legal duty owed to them by the promisee. *Id.* The promisee must intend that the beneficiary will have the right to enforce the contract. *Id.* In the context of insurance contracts, an individual may become a creditor beneficiary if they obtain a judgment against the insured. *P.G. Bell Co. v. U.S. Fidelity and Guar. Co.*, 853 S.W.2d 187, 189 (Tex. App—Corpus Christie 1993, no writ). If the intent to confer a benefit upon the third-party is not apparent from the contract himself, the third-party is classified as an incidental beneficiary. *MCI Telecomm. Corp.*, 995 S.W.2d at 651. The fact that a person might receive an incidental benefit from a contract to which he is not a party does not give that person a right of action to enforce the contract. *See Basic Capital Mgmt., Inc. v. Dynex Commercial, Inc.*, 348 S.W.3d 894, 899–900 (Tex. 2011).

Here, Longwood Interests LTD argues that it was a third-party beneficiary to the contract because it owns Longwood Management LLC (i.e., GP), the named insured under Section II of the document and the undisputed party to contract with Depositors. *See* Doc. 20-1 at 38. LTD argues that by entering into the contract to protect the Club from any covered losses, GP and Depositors intended to confer a benefit on LTD as the "sole owner of the Club." *See* Document 20 at 4. LTD insists that GP entered into the contract "on behalf of and for [its] sole benefit," and that Depositors shared this intention, but was simply mistaken as to the identity of the Club's owner. *Id.*

To enforce the contract as an intended third-party beneficiary, LTD must do more than establish its status as the ultimate beneficiary of the insurance policy; it must also prove that the GP and Depositors entered into the insurance contract "directly and primarily" to confer such a benefit on LTD. *See Republic Nat'l* Bank, 427 S.W.2d at 81). LTD claims that the fact the definition of Insured includes "members and partners of the entity listed on the policy," clearly

7

shows Depositors intention "to confer benefits to any third parties not named in the contract, but who had an ownership interest in the insured property (i.e., LTD)." *See* Document 23 at 3. However, if the parties intended to enter into the insurance contract for LTD's benefit, they could have done so by explicitly listing LTD as an additional insured, which they did not. *See Pak-Petro, Inc. v. Amer. Western Home Ins. Co.*, 2013 WL 53, 56898, at 6 (E.D. Tex. Sept. 9 2013). Third-party beneficiary status is determined by the "wording of the contract, and not from what the contracting parties purportedly meant." *See United Neurology, P.A. v. Hartford Lloyd's Ins. Co.,* 101 F. Supp. 3d 584, 592 (S.D. Tex. 2015), aff'd, 624 Fed. Appx. 225 (5th Cir. 2015). No language in the contract "clearly and fully spelled out" the contracting parties intention to secure benefits "directly and primarily" for LTD when entering into the insurance contract. *See Republic Nat'l* Bank, 427 S.W.2d at 81); *See Corpus Christi,* 525 S.W.2d at 503–4). Accordingly, LTD is not a third-party beneficiary to the contract and cannot recover on any claims against Depositors.

Further, LTD is neither a donee beneficiary not a creditor beneficiary and therefore has no standing to enforce the contract terms. Any benefit received by LTD as a result of performance under the contract would not come in the form of a pure donation or gift as required for a donee beneficiary. LTD cannot be classified as a creditor beneficiary because neither contracting party owed LTD any legal duty to execute performance under the contract. Despite bearing the burden of proof, LTD has offered no facts to rebut the presumption standing against them that GP and Depositors are contracting for themselves. As Texas courts have noted, "If there is any reasonable doubt as to the intent of the contracting parties to confer a direct benefit on the third-party, then the third-party beneficiary claim must fail." *First Union Nat. Bank v. Richmont Capital Partners I, L.P.,* 168 S.W.3d 917, 929 (Tex. App.—Dallas 2005, no pet.);

*Dallas Firefighters Ass'n v. Booth Research Group, Inc.*, 156 S.W.3d 188, 193 (Tex. App.—Dallas 2005, pet. denied).

### IV. Conclusion and Recommendation

Based on the foregoing and the conclusion that Longwood Interests LTD is not a party to the contract, not insured under the contract, and not a third-party beneficiary to the contract, the Magistrate Judge RECOMMENDS that Defendant Depositors Insurance Company's Motion to Dismiss Plaintiff Longwood Interests LTD claims in Plaintiff's First Amended Complaint (Document 16) Pursuant to Rule 12(b)(1) and 12(b)(6) (Document No. 18) be GRANTED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), **Fed. R. Civ. P.**72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen-day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas this 31st day of July, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

9